THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500

Mailed: January 12, 2018

Opposition No. 91229946

*KID-Systeme GmbH*

*v.*

*Türk Hava Yollari Teknik Anonim Sirketi*

**Katie W. McKnight,**
**Interlocutory Attorney:**

Opposer filed a motion to reopen its time to file its attached motion for summary judgment on June 29, 2017, the same day as the deadline for Opposer to serve pretrial disclosures. The motion is uncontested.[1]

Before January 14, 2017, the deadline for filing a motion for summary judgment under Trademark Rule 2.127(e)(1), 37 C.F.R. § 2.127(e)(1), was "prior to the commencement of the first testimony period, as originally set or as reset." Under the rule before amendment, "prior to" meant the day before the opening day of trial, i.e., the day before the first day of plaintiff's testimony period. *See Blansett Pharmacal Co., Inc. v. Carmrick Labs., Inc.*, 25 USPQ2d 1473, 1476 (TTAB 1992). Trademark Rule 2.127(e)(1) was amended, effective January 14, 2017, to provide that "a motion

---

[1] The Board, in its discretion, declines to treat the uncontested motion as conceded. *See, e.g., Baron Philippe de Rothschild, S.A. v. Styl-Rite Optical Mfg. Co.*, 55 USPQ2d 1848, 1854 (TTAB 2000).

for summary judgment must be filed prior to the deadline for pretrial disclosures for the first testimony period, as originally set or as reset." *See* Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 81 Fed. Reg. 69950, 69967 (October 7, 2016) (Notice of Final Rulemaking); Trademark Rule 2.127(e)(1); TBMP § 528.02 (June 2017). Similar to the pre-amendment rule, "prior to" means the day before the deadline, in this case, the deadline for pretrial disclosures.

On July 21, 2017, after Opposer's motion was filed, the USPTO issued an amendment to the rules of practice to make explicit the existing requirement that motions for summary judgment under Trademark Rule 2.127(e)(1) "must be filed before the day of the deadline for pretrial disclosures for the first testimony period, as originally set or as reset." *See* Miscellaneous Changes to Trademark Trial and Appeal Board Rules of Practice; Clarification, 82 Fed. Reg. 33804, 33804 (July 21, 2017). Because Opposer filed its motion *on* the day pretrial disclosures were due rather than *prior to* the deadline, the motion for summary judgment is untimely.

If the pretrial disclosure deadline is reset by order or stipulation effective before the deadline, a motion for summary judgment filed before the reset pretrial disclosure deadline would be timely. Once the pretrial disclosure deadline arrives, whether as originally set forth in the Board's institution order, as in this case, or as reset by order or stipulation,[2] any motion for summary judgment filed thereafter will be considered

---

[2] Even if the pretrial disclosure deadline passes and is later reset for a future date by order or stipulation, a motion for summary judgment filed before the reset deadline will be considered untimely. *See* TBMP § 528.02.

untimely.[3] *La Maur, Inc. v. Bagwells Enters., Inc.*, 193 USPQ 234, 235-36 (Comm'r 1976) (motion filed before reset testimony period opened but after previous testimony period opened was untimely); *see also* TBMP § 528.02 ("As of the deadline for pretrial disclosures for the first testimony period . . . any summary judgment motion filed thereafter is untimely, even if filed prior to a rescheduled deadline for pretrial disclosures for the first testimony period").

Nevertheless, as explained in the Notice of Proposed Rulemaking, "any issues that may arise concerning the transition to the revised rules for cases pending as of the effective date of the rules would be addressed by the Board and the parties on a case-by-case basis, allowing for flexibility to respond to the unique needs in each case, *particularly with respect to scheduling matters*." Miscellaneous Changes to Trademark Trial and Appeal Board Rules of Practice, 81 Fed. Reg. 19296, 19296 (April 4, 2016) (Notice of Proposed Rulemaking) (emphasis added); *see also Estudi Moline Dissey, S.L. v. BioUrn Inc.*, 123 USPQ2d 1268, 1271 (TTAB 2017) (quoting Notice of Proposed Rulemaking). Because Opposer filed its motion for summary judgment during a time of transition to the amended Trademark Rules, and before the Board's July 21, 2017 clarification amending, *inter alia*, Trademark Rule

---

[3] The deadline for the first pretrial disclosure signals the commencement of the trial portion of the proceeding; once the deadline arrives, the parties are or should be focused on trial, or settlement, but not summary judgment. *See* Notice of Final Rulemaking, 81 Fed. Reg. at 69967 (stating that the amendment "encourages efficiency in the schedule by providing that, once the due date for the first pretrial disclosure has arrived, the parties are focused on trial, or settlement, and neither party will be surprised" by the filing of a summary judgment motion).

2.127(e)(1), the Board will consider Opposer's motion for summary judgment in this particular case.

In view thereof, Opposer's motion to reopen is moot. However, in order to remove any misapprehension about the rule, we address one of Applicant's arguments in support of its motion. Applicant asks that the Board "exercise its discretion not to deny as untimely Opposer's Motion for Summary Judgment" and supports that request by citing an outdated version of the Trademark Trial and Appeal Board Manual of Procedure. Before January 14, 2017, Trademark Rule 2.127(e)(1) provided that summary judgment motions "*should* be filed prior to the commencement of the first testimony period" and "the Board, in its discretion, may deny as untimely any motion for summary judgment filed thereafter." Trademark Rule 2.127(e)(1) as amended provides that a motion for summary judgment "*must* be filed before the day of the deadline for pretrial disclosures" and therefore the timeliness of such a motion is no longer discretionary.

Proceedings remain **suspended** pending disposition of Opposer's motion for summary judgment. Applicant is allowed until **thirty days** from the mailing date of this order in which to file and serve its response to Opposer's motion for summary judgment. A reply brief, if any, should be filed in accordance with Trademark Rule 2.127(a) and (e)(1), 37 C.F.R. § 2.127(a) and (e)(1).